HOFFMAN & FORDE, ATTORNEYS AT LAW
Daniel R. Forde (SBN: 248461)
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Tel: (619) 546-7880
Fax: (619) 546-7881
dforde@hoffmanforde.com

Attorney for Plaintiff,
Bruce Williams

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WILLIAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.; DISCOVER BANK,<br><br>Defendants. | Case No.: '17CV2228 BEN BLM<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.**<br><br>2. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>[JURY TRIAL DEMANDED] |

## INTRODUCTION

1. Plaintiff BRUCE WILLIAMS ("Plaintiff"), through his attorney, files this Complaint and brings this action against Defendants EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and DISCOVER BANK ("Discover") (collectively as

- 1 -

"Defendants") with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g). Defendants' willful and negligent failure to properly investigate the dispute of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known were erroneous, caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

6. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681i.

8. This action arises out of Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

9. Because Defendants conduct business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Diego, in the State of California.

12. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c).

13. Defendant Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

14. Defendant Trans Union is a limited liability company organized in the State of Delaware.

15. Defendant Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

16. Defendant Experian is a corporation incorporated in the State of Ohio.

17. Defendant Discover is a furnisher of information as contemplated by FCRA §§1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions and/or experiences with any consumer.

18. Defendant Discover is a corporation incorporated in the State of Delaware.

19. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in

establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

//

//

## GENERAL FACTUAL ALLEGATIONS

20. At all times, relevant to this matter, Plaintiff was an individual residing within the State of California.

21. At all times, relevant to this matter, Defendants conducted business within the State of California.

## FACTUAL ALLEGATIONS RE: DISCOVER PERSONAL LOANS (ACCOUNT 81210370xxxx)

22. On or about May 10 2017, Plaintiff became aware that Experian and Trans Union were reporting inaccurate information provided by Discover.

23. On Plaintiff's credit report, Experian is reporting the account as "Debt included in Chapter 7 bankruptcy on Sept 03, 2013," despite the fact that Plaintiff filed for bankruptcy in November 2013. Additionally, Discover has been changing the closed date and date first reported every month, despite the fact the account was opened in April 2012 and closed in November 2013.

24. On Plaintiff's credit report, Trans Union is reporting the account as being closed on July 27, 2017, despite the fact the account was closed in November 2013.

25. Subsequently, Plaintiff disputed the inaccurate information on Plaintiff's credit report with Defendants via written communications dated August 4, 2017.

26. Defendants failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed

information following a dispute filed with Defendants by Plaintiff. Defendants' conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

27. By inaccurately reporting account information relating to the debt after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

28. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

## CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681 ET SEQ.

## [AGAINST TRANS UNION and EXPERIAN]

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

31. Defendants' violations include, but are not limited to, Defendants' violation of 15 U.S.C. § 1681i, by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Defendants by Plaintiff.

32. Defendants' conduct also violates 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers'

credit reports.

33. As a result of each and every negligent violation of the FCRA, Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's and costs fees, pursuant to 15 U.S.C. § 1681o(a)(2).

34. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages, or damages of not less than $100.00 and not more than $1,000.00, and such amount as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C §1681n(a)(3).

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1 ET SEQ.
## [AGAINST DISCOVER]

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

37. In the regular course of its business operations, Defendant Discover routinely furnishes information to credit reporting agencies pertaining to transactions between itself and their consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

38. Because Discover is a corporation, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), PNC is always obligated to not furnish

- 6 -
COMPLAINT

information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Discover received notice that Plaintiffs' accounts were reporting inaccurately, Discover should have adjusted Plaintiffs' accounts accordingly, yet failed to do so.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

39. For each incident of willful noncompliance:

   A. An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 per Plaintiff pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful non-compliance of the FCRA;

   B. An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of willful noncompliance of the FCRA;

   C. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

   D. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

   E. An award of costs and litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

   F. An award of actual damages, in an amount to be determined at trial,

pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;

G. Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendants;

H. An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Defendants;

I. For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b) against Defendants; and

40. Any and all other relief the Court deems just and proper.

Dated: November 1, 2017

Respectfully submitted,
**HOFFMAN & FORDE**

*/s/ Daniel R. Forde*
DANIEL FORDE
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: dforde@hoffmanforde.com

Attorneys for Plaintiff,
Bruce Williams

## TRIAL BY JURY

41. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 1, 2017

Respectfully submitted,
**HOFFMAN & FORDE**

*/s/ Daniel R. Forde*
DANIEL FORDE
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: dforde@hoffmanforde.com

Attorneys for Plaintiff,
Bruce Williams